09-4035-ag
Gunawan v. Holder

BIA
A098 642 607
A098 642 608
A098 642 609

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

HARLINA GUNAWAN, KURNIAWAN FELIX ONG,
KURNIAWAN STEVEN ONG,
> *Petitioners,*

v.                                         09-4035-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Charles Christophe, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Elizabeth D. Kurlan, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Harlina Gunawan, Kurniawan Felix Ong, and Kurniawan Steven Ong, natives and citizens of Indonesia, seek review of an August 31, 2009, order of the BIA denying their second motion to reopen.[1] *In re Harlina Gunawan, Kurniawan Felix Ong, Kurniawan Steven Ong*, Nos. A098 642 607/608/609 (B.I.A. Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Gunawan's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

---

[1]For ease of reference, this order refers solely to the lead petitioner, Harlina Gunawan.

Here, the BIA did not abuse its discretion in denying Gunawan's second motion to reopen, as it was indisputably untimely and number-barred.

Further, as the BIA found, the evidence Gunawan submitted failed to demonstrate changed country conditions in Indonesia or to overcome the immigration judge's ("IJ") underlying adverse credibility determination. Because the IJ found that Gunawan was not credible regarding her fear of persecution for being an ethnic Chinese Protestant, the BIA reasonably discounted the letters from her husband and father in which they asserted that they had suffered persecution on the same ethnic and religious grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (explaining that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency)*; see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007)*; Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam).

Moreover, contrary to Gunawan's argument, the record does not demonstrate that the BIA failed to consider any of the background evidence she submitted. *See Xiao Ji Chen*, 471 F.3d at 338; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Indeed, rather than demonstrating a worsening of

country conditions for ethnic Chinese Christians in Indonesia, the 2007 State Department Country Report, which Gunawan cites in her brief, states that instances of discrimination and harassment against ethnic Chinese Indonesians have declined, and that recent reforms have led to increased religious and cultural freedom. Consequently, we conclude that substantial evidence supports the BIA's conclusion that Gunawan failed to demonstrate changed country conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing changed country conditions findings for substantial evidence)*; see also* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk